# MEMORANDA

# CASES NOT REPORTED IN FULL.

| 28 | 503 |
| | 3ap261 |
| 28 | 503 |
| | 5ap494 |

ANNA SEIDLINGER, Respondent, *v.* THE BROOKLYN CITY RAILROAD COMPANY and Others, Appellants.

LOUIS SEIDLINGER, Respondent, *v.* THE SAME, Appellants.

*Negligence — passenger injured by a collision between a coal cart and a horse car — when the question of the defendant's negligence should be left to the jury.*

APPEALS from judgments in favor of the plaintiffs, entered upon the verdicts of juries, and from orders denying motions for new trials, made upon the minutes of the justice before whom the actions were tried.

The two actions were tried together. In the first, the plaintiff, Anna Seidlinger, and in the second, her husband, sought to recover the damages occasioned by injuries sustained by the plaintiff Anna, by reason of the defendant's negligence.

Anna Seidlinger, the wife of Louis Seidlinger, was a passenger on the car of the defendant's horse railroad, going north on First street. A one-horse coal cart belonging to the individual defendants was about to deliver a load of coal on the east side of the street. There was an opening in the sidewalk for the reception of the coal, and the driver of the coal cart undertook to lead the horse on to the sidewalk and so draw the cart over the coal hole; a small bridge was laid down outside the curb-stone to grade the rise from the carriage-way to the footpath. The sidewalk was not of sufficient width to take on the horse and cart at a right angle with the street, and so the horse was led on at an angle more or less acute. When the cart had proceeded so far that one wheel was over the curb-stone, and the other on the ascending bridge, the horse

was unable to take it up or hold it, and he allowed it to run back until both wheels reached the carriage-way. All this time the street car was approaching and, without stopping, undertook to pass, when the horse backed and struck the rear of the cart against the car and caused the injury complained of to Mrs. Seidlinger. The cart driver all the time held the horse by the head, but was unable to control him after he commenced to run backwards.

The court at General Term said: "At the close of the testimony for the plaintiff, a motion was made to dismiss, on the ground that no negligence of the defendants had been shown, which was renewed at the end of the testimony. It was both times denied, and that is now set up for error, on the claim that no want of care is manifested. We cannot so decide. There was a ton of coal on the cart and but one horse to manage it. There was a coal hole in the sidewalk for its reception. The cart could have been backed up until the wheel struck the curb-stone and then the rear end of the cart would have been near the opening. The coal would have then fallen from the cart near the orifice and all would have been well. The horse and cart could not stand square across the sidewalk, and to endeavor to drive on it at an accute angle with a ton of coal, was a hazardous undertaking, as the result showed. Whether it was proper under all the circumstances to adopt this latter mode was a fair question for the jury, and the finding is against it. It could not well have been else. Backing to the sidewalk and dumping the coal would have been attended with no danger, while the attempt to attain the sidewalk was full of peril.

"Then as to the driver of the horse car — he had an open car with passengers sitting near the end of the seats, where collision with a vehicle would almost certainly result in injury. The horse had backed the cart down until the rear end was within two feet of his car, and still he was not under full control, yet the driver made no pause, but kept on his way, in the expectation, doubtless, that he could pass. While the case against the company was not so strong as that against the cart owners, yet we cannot say there was no evidence for the jury. It was a fair question for that body, and there was testimony that he was requested to stop by the driver of the cart, when he found he was in trouble and his horse was out of his control. If the jury so found, then the car driver was

placed on his guard, and proceeded at his peril. There was testimony sufficient to sustain the verdict."

*Winchester Britton*, for the railway company, appellant.

*Chas. J. Patterson*, for Parkinson and McEnaney, appellants.

*A. H. Dailey*, for the respondents.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred; GILBERT, J., dissented.

Judgments and orders denying new trials affirmed, with costs.